FILED
 2009 Dec-22  PM 12:04
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SANDRA MEANS, | ] |
| Plaintiff, | ] |
| vs. | ] 7:09-CV-01813-LSC |
| FRANKLIN COLLECTION SERVICES, INC., | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration Defendant Franklin Collection Services, Inc.'s ("Franklin") Motion to Dismiss. (Doc. 6.) This motion was filed on October 21, 2009. The motion has been briefed by the parties and is ripe for review.

II.  Procedural and Factual Background.[1]

Plaintiff Sandra Means ("Means" or "Plaintiff") had surgery at DCH Medical Center in February 2005.  In her complaint, Means maintains that she

---

[1] For the purposes of this opinion, the facts are accepted as alleged in the complaint. Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

received charity support intended to pay her medical bills. After receiving demands from Franklin, Plaintiff was informed that her medical bills had not been paid. Following a lawsuit in state court regarding these bills, Means entered into an agreed payment plan with Franklin whereby she would repay her debt and Franklin would stop collection attempts. Despite this agreement, Franklin continued in its collection attempts by both telephone and mail. These collection attempts culminated in threats by Franklin to garnish Plaintiff's wages. Furthermore, the amount demanded by Franklin either did not credit Plaintiff for all of her payments or it charged fees that were not expressly authorized. Eventually, Plaintiff obtained a loan and paid Franklin the full amount demanded.

III.    Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)

---

[2] The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson. See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  A complaint has sufficient facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citations omitted). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

IV.   Analysis.

As an initial matter, Plaintiff concedes that Counts II, III, and IV are due to be dismissed.  The only issue before the Court then is the validity of Plaintiff's FDCPA claims.  In arguing that Plaintiff's claims should be dismissed, Franklin states that the complaint in this matter is "insufficient to survive a motion to dismiss" as it contains nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  (Doc. 7 at 9) (citations omitted).  A cursory review of complaint reveals that Plaintiff has more than satisfied the requirements of notice pleading.  Plaintiff has alleged that

Franklin harassed Means with continued collection attempts despite an agreed to payment structure, that Franklin attempted to collect on debt that had already been paid and failed to credit payments made by Means, that Franklin threatened to institute a garnishment action it did not intend to file for the purpose of pressuring Means into paying her debt, and that Franklin charged fees above and beyond those explicitly agreed to between the parties. (Doc. 1, ¶¶ 8-47.) It is evident that these allegations both meet the requirements set forth in *Twombly* and *Sinaltrainal* and are sufficient to provide Franklin with notice of the allegations against it.

V.   Conclusion.

For the reasons stated above, Defendant's motion to dismiss will be granted as to Counts II, III, and IV of Plaintiff's complaint and will be denied as to the remaining counts. A separate order will be entered.

Done this <u>22nd</u> day of <u>December 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671